FINCK-JONES & LIBBY (INC.) *v.* UNITED STATES (No. 2261).[1]

CHERRIES—PRESUMPTION FAVORS COLLECTOR.

Merchandise described in the invoice as Italian sweet dried cherries unpitted was reported by the appraiser to be cherries in the raw state put up in kegs and assessed as "cherries in a raw state preserved in brine or otherwise" (par. 27, emergency tariff act of 1921). They were concededly raw. The protest claimed classification as "all edible fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner" (par. 217, tariff act of 1913). The appraiser's report was all the evidence; and the decision of the board overruling the protest for lack of evidence to rebut the presumed correctness of the collector's assessment is affirmed.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45604.

[Affirmed.]

*Brooks & Brooks (Frederick W. Brooks, jr.,* and *Ernest F. A. Place* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Bernard Hahn,* special attorneys, of counsel), for the United States.

[Oral argument October 4, 1923, by Mr. Place and Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The merchandise in this case was described in the invoice as Italian sweet dried cherries unpitted, and was reported by the appraiser to be cherries in the raw state put up in kegs. They were advisorily returned for duty as cherries in the raw state at 3 cents per pound ·

[1] T. D. 39886.

under paragraph 27 of the emergency tariff act of 1921. The collector assessed duty in accordance therewith.

The paragraph in question reads as follows, viz:

27. Cherries in a raw state preserved in brine or otherwise, 3 cents per pound.

The importer protested against the assessment, claiming an assessment of 1 cent per pound under paragraph 217, tariff act of 1913, under the enumeration therein of "all edible fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner, not specially provided for."

The protest was submitted to the Board of General Appraisers and was overruled. The importer has appealed.

It appears from the record that no testimony whatever was introduced at the trial before the board, nor was any sample of the merchandise produced there. The issue was submitted upon the appraiser's report alone. The board thereupon overruled the protest with the following comment, viz:

No sample was produced nor is there anything in the record to throw any light upon the process by which these cherries have been dried. As it is conceded that these are raw cherries, and the collector has seen fit to classify them under the emergency act, we do not feel justified upon so meager a record in disturbing his finding.

We think that the board reached a right conclusion upon the record. The inquiry began with the presumption that the collector had correctly classified and assessed the importation. Accordingly the board was bound to assume that the merchandise was "cherries in a raw state, preserved in brine or otherwise," and to give effect to that presumption unless it should be overcome by lawful evidence. The only evidence, however, which the importer relied upon was the report of the appraiser, wherein that officer stated that the merchandise "consists of cherries in the raw state put up in kegs," and advised their assessment under paragraph 27, supra, that is to say, as cherries in a raw state preserved in brine or otherwise.

We think that the appraiser's report tended to sustain the assessment in question rather than to contradict it, and since no other evidence was submitted to the board the protest was rightly overruled.

The decision of the board is therefore *affirmed.*